FINAL REPORT[1]


*Amendment to Pa.R.Crim.P. 576.1*


TECHNICAL CORRECTION TO THE ELECTRONIC FILING RULE

---

On August 3, 2020, effective October 1, 2020, upon the recommendation of the Criminal Procedural Rules Committee, the Court amended Rule 576.1 (Electronic Filing and Service of Legal Papers) to clarify provisions regarding the definition of "legal paper" in the rule and the description in the *Comment* to the rule regarding how individual participation in electronic filing is initiated.  This issue was brought to the Committee's attention after the Juvenile Court Procedural Rules Committee ("Juvenile Rules Committee") had developed electronic filing rules that were subsequently adopted by the Court.  These rules were based in large part on Rule 576.1 (Electronic Filing and Service of Legal Papers).   The Juvenile Rules Committee's proposed rules, Pa.Rs.J.C.P.  205 and 1205, were published for comment and subsequently two concerns were identified from the Administrative Office of Pennsylvania Courts Information Technology department ("AOPC IT").  The first regarded the definition of the term "legal papers."   Like Rule 576.1, the juvenile rules, as published, defined "legal papers" as a pleading or other submission to the court, including motions, answers, notices, or other documents, of which filing is required or permitted, including orders, exhibits, and attachments,…."

It was suggested that inclusion of the word "exhibits" without modification could be interpreted to permit originals of exhibits to be filed electronically, as a means of evidence storage.  It is the Committee's understanding that AOPC's policy is that the PACFile system is not to be used as storage system for evidentiary exhibits. It was reported to the Juvenile Rules Committee that certain jurisdictions' Family Courts were reducing documentary exhibits in juvenile cases to electronic form and storing them on the PACFile system.  As a result of this comment, the Juvenile Rules Committee modified the definition of "legal paper" to include "copies of exhibits", but not the original exhibits offered into evidence.  This revision was intended to reinforce the prohibition against using the PACFile system to be used for the storage of evidence.  They also included in the list of documents that may not be filed electronically "exhibits offered into

---

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules.  Also, note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.

evidence, whether or not admitted, in a court proceeding…" These provisions were part of the rules that were adopted by the Court.

Because Rule 576.1 is identical in many ways with Pa.Rs.J.C.P. 205 and 1205, the Committee considered that it would be beneficial to modify Rule 576.1 consistent with the changes recommended by the Juvenile Rules Committee to their electronic filing rules. To that end, the phrase "copies of" has been added to the word "exhibits" in the definition of "legal papers" contained in Rule 576.1(C). Additionally, the phrase "exhibits offered into evidence…" has been added to the list of items that may not be filed electronically, consistent with the similar provision in Pa.Rs.J.C.P. 205 and 1205.

During the development of Pa.Rs.J.C.P. 205 and 1205, AOPC IT expressed a concern regarding *Comment* language describing the way in which individual participation in electronic filing is initiated. Participation requires that a user establish an account in the PACFile system. For *pro se* parties, there is a requirement for an authorization process. The establishment of an account constitutes consent to participate in electronic filing including receipt of service of filed documents. The extent to which this consent may include other cases the participant may also be involved with is subject to the authorization of AOPC.

While the rules generally provide that participation in electronic filing is voluntary (except in those counties that choose to make it mandatory), a party who has agreed to participate in electronic filing is permitted to file legal papers in a physical paper format. However, any party that agrees to participate in electronic filing must accept service electronically. Pa.Rs.J.C.P. 205 and 1205 contain language identical to paragraph (D)(3) of Rule 576.1 that permits a participating party to file either in a physical paper format or electronically. The *Comment* to Pa.Rs.J.C.P. 205 and 1205 contained the following language regarding participation which was identical to that contained in Rule 576.1:

> Upon submission of the electronic filing of a legal paper, the electronic filing system shall automatically send notice of the filing to all parties who have agreed to service by electronic transmission or whose e-mail address is included on an appearance or prior legal paper filed in connection with the case.

AOPC IT believed that this language was inaccurate in that it suggest that electronic service may be initiated simply by including an email address in a previous case filing. As a result, the Juvenile Rules Committee recommended replacing the phrase "or whose e-mail address is included on an appearance or prior legal paper filed in connection with the case" with a cross-reference to the requirements for participation contained in paragraph (D) in order to eliminate the possibility of confusion.

Since the language in the Rule 576.1 *Comment* is identical to the language originally contained in the juvenile rules, the Committee concluded that it would be

beneficial to make a similar change.  This has been incorporated in the ninth paragraph of the *Comment*.

The Juvenile Rules Committee made one additional change from the published version regarding participation. This is a modification of paragraph (D)(2) of Pa.Rs.J.C.P. 205 and 1205 to include the additional phrase marked in bold and underlined below:

> 2) Establishment of an account by an attorney or authorization of a non-attorney in the system**, to the extent so authorized by the Administrative Office of Pennsylvania Courts pursuant to paragraph (D)(1),** shall constitute consent to participate in electronic filing, including acceptance of service electronically of any document filed on the system in any judicial district that permits electronic filing.

This phrase was added to the juvenile rule text at the request of AOPC IT to address an issue regarding dependency cases.  The parties in a delinquency and a criminal proceeding don't differ much aside from the juvenile probation office being involved.  However, dependency proceedings will involve parents and a separate dependency case is opened for each child.  It appears that the intent of this additional language was to prevent permission in one case from bleeding over into other cases.  Instead, authorization would be on a case-by-case basis for the parents.  While the Committee concluded that this concern was not present in criminal cases, the language has been included in the changes to Rule 576.1 for consistency.